EMMA F. BRENNER, EXECUTRIX OF THE ESTATE OF SAMUEL BRENNER, DECEASED, PLAINTIFF-APPELLANT, v. PUBLIC SERVICE PRODUCTION COMPANY, A CORPORATION OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued February 13, 1933—Decided February 14, 1933.

For the plaintiff-appellant, *Kraemer, Siegler & Siegler* (*Joseph Siegler*).

For the defendant-respondent, *Heine & Laird* (*John A. Laird*).

PER CURIAM.

Plaintiff's decedent met with an accident in July of 1929. Some months later, he was found dead in the kitchen of his home. Death was due to the inhalation of illuminating gas. Two burners in the gas range were open, as well as the oven

jets. The present action was brought under the Death act, the contention below and here being that the decedent had suffered such mental and physical deterioration that the accident in July of 1929, for which the defendant was liable, was the proximate cause of the death. The proofs indicate, as it was conceded at the trial, that the deceased may have come to his death by suicide. If so, death was due to an intervening cause, for which the defendant was not liable, and the direction of a verdict in favor of the defendant was proper.

It is obvious that the plaintiff did not establish her case by any evidence pointing to the accident in 1929 as the proximate cause of death, since there is nothing to negative a reasonable inference from the proofs of a cause with which the defendant was in no way connected.

"The plaintiff failed to exclude in his testimony the idea that death was due to a cause with which the defendant was unconnected. To permit the recovery of a judgment upon the testimony of the present case would be to permit a jury's guess or speculation to deprive a defendant of its property." *Migliaccio* v. *Public Service Railway Co.*, 101 *N. J. L.* 501.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, CASE, BODINE, DONGES, BROGAN, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—None.